# UNITED STATES DISTRICT COURT

for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 21-MJ-3066-KAR
82 Newton Street, Third Floor )
Holyoke, Massachusetts )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

82 Newton Street, Third Floor, Holyoke, MA, which is more particularly described in Attachment A attached hereto.

located in the _____ District of ___Massachusetts___ , there is now concealed *(identify the person or describe the property to be seized)*:

See property described in Attachment B attached hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(a)(1) | Unlicensed Dealing in Firearms. |

The application is based on these facts:
See attached affidavit of FBI Task Force Officer Jared Hamel.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Jared Hamel
*Applicant's signature*

Signed electronically with authorization from
FBI Task Force Officer Jared Hamel on March 30, 2021.

Jared Hamel, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___video conference___ *(specify reliable electronic means)*.

Date: 03/30/2021

/s/ Katherine A. Robertson
*Judge's signature*

City and state: Springfield, MA

Katharine A. Robertson, U.S. Magistrate Judge
*Printed name and title*

Signed electronically with authorization from Katherine A. Robertson, U.S. Magistrate Judge on March 30, 2021.

## AFFIDAVIT OF JARED HAMEL

I, Jared Hamel, under the pains and penalties of perjury, state as follows:

1. I am a police officer employed by the City of Holyoke currently assigned as a Detective within the Holyoke Police Department Criminal Investigations Bureau Narcotics/Vice Division. I have been assigned exclusively to narcotics and firearms investigations since January 2012 and have over 18 years total experience as a police officer. In August 2002, I was hired as a full-time Holyoke Police Reserve Officer and attended the Reserve Intermittent Academy at the Agawam Police Academy, where I was instructed further in narcotics identification, and methods of use, packaging, and sale. In 2004, I accepted a full-time position with the Holyoke Police Department. I was a graduate of the 39th Municipal Police Officers Training Class at the Agawam, Massachusetts Police Academy from November 2004 – March 2005, where I was further instructed in a 40-hour session of narcotics training, specifically in the use of confidential informants, search warrants, and surveillance methods. In September 2014 I attended the DEA Basic Narcotics Investigator Class which is an 80-hour class in narcotics training. This training involved use of undercover officers, confidential informants, money laundering, narcotics packaging, as well as search warrants. In January of 2019 I became a member of the FBI Western Massachusetts Gang Task Force (WMGTF).

2. In connection with my official duties, I have investigated the violation of federal and state laws, to include, but not limited to, Title 21, United States Code, Sections 841, 843 and 846 (drug trafficking offenses), Title 21 United States Code, Sections 960 and 963 (drug importation and exportation offenses), and Title 18, United States Code, Sections 1956 and 1957 (money laundering offenses), as well as drug trafficking offenses as defined in M.G.L Chapter 94C. I have participated in various aspects of drug investigations, to include physical and electronic surveillance, the controlled purchase of drug evidence, undercover operations, the analysis of information obtained from court-ordered pen register/trap and trace intercepts and subpoenaed toll information, as well as the preparation of numerous affidavits in support of search warrants, Title III and M.G.L. C. 272 § 99

wire intercept applications.  In addition, I have debriefed and participated in the debriefing of hundreds of defendants, informants, and witnesses who had personal knowledge of drug trafficking organizations and violent street gangs.  I have testified in numerous state and federal judicial proceedings and prosecutions for the violation of controlled substance laws.

3. I am currently investigating BENNY GARCIA, (hereinafter, "GARCIA"), and as yet unidentified co-conspirators, concerning violations of federal law including unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1); and felon in possession of firearms, in violation of 18 U.S.C. § 922(g) (hereinafter, the "SUBJECT OFFENSES").

4. A query of the Massachusetts Board of Probation Criminal History for BENNY GARCIA reveals arrests for violations of Massachusetts General Law Chapter 94C, the Controlled Substance Act, to include Possession with Intent to Distribute A, Possession with Intent to Distribute B and Reckless Endangerment of a Child, where he was charged in Holyoke District Court.  The cases were bound over to Hampden Superior Court for Indictment, and a date was set for Arraignment.  A warrant was issued after a default.

5. This affidavit is being submitted in support of an application for a warrant to search the premises of the following residence:  82 Newton Street, third floor, Holyoke, Massachusetts (hereinafter, the "SUBJECT RESIDENCE"), as described in greater detail in Attachment A, because there is probable cause to believe that the SUBJECT RESIDENCE contains the evidence and instrumentalities of the SUBJECT OFFENSES listed above, as described in greater detail in Attachment B.

6. Based on my training and experience and knowledge of this investigation, I believe that there is probable cause to believe that the SUBJECT RESIDENCE is being used to store firearms, firearm accessories, ammunition, records relating to those firearms and ammunition, and financial records.

7. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit includes only those facts I believe are necessary to establish probable cause and does not include all of the facts uncovered during the investigation.

## CONFIDENTIAL INFORMANT (CI)

8. Within the past year the CI [1] has made numerous controlled purchases of illegal narcotics and a firearm[2] this firearm purchase has proven to be an actual firearm. Several of these purchases led to the issuance of search warrants. These search warrants led to the arrest of subjects and seizure of illegal narcotics and their proceeds. The CI has also given information that led to the arrest of several subjects for narcotics related offenses.

## 82 NEWTON STREET, 3rd Floor, HOLYOKE, MA

9. 82 Newton Street in Holyoke (which is designated for the third floor of the structure), is in the Churchill neighborhood of Holyoke. Newton Street is considered a high crime area, where law enforcement entities have encountered narcotics trafficking offenses, calls for shots fired, criminal firearms possession, and other street gang activities. Investigations have resulted in the service of search warrants, resulting in the seizure of firearms and narcotics.

10. During the week of March 28, 2021, the CI met with Western Massachusetts Gang Task Force Officer (TFO) Luis Rivera and me to provide the following criminal intelligence. Within the last

---

[1] CI has a criminal history to include convictions for Possession of Ammunition, Possession of a Firearm, Distribution of a Class B substance.

[2] From past experiences with the CI, I have determined that the CI is familiar with firearms, firearm components, and firearm accessories. In these experiences, the CI has described to me what he/she believed was a firearm. Those descriptions have led to law enforcement's eventual recovery of the firearm, further confirming that the CI can recognize a firearm when he/she views one.

3

48 hours the CI was at 82 Newton Street in the City of Holyoke. GARCIA, made a telephone call and proceeded to 82 Newton Street, where he was allowed into the door to 82 Newton Street.

11. GARCIA ascended the stairwell to the interior door to 82 Newton Street. The CI was positioned to be able to hear the occupants of the apartment interacting with GARCIA. The CI observed GARCIA enter the third-floor apartment. After a period of time the CI observed GARCIA exit the third-floor apartment and proceed to the entrance landing with a number of weapons, to include what appeared to him/her to be an AK-47 type assault weapon as well as a number of handguns.

12. GARCIA displayed the firearms and distributed one to an unidentified party who provided GARCIA money in exchange for that firearm. GARCIA brought the remaining firearms back to the interior entrance to 82 Newton Street, entered with them and departed without them.

13. The CI, understanding what was happening, contacted TFO Hamel by cellular phone, and allowed him to listen to an open line. TFO Hamel overheard conversation about guns and their operation, as well as conversation about types of ammunition. In addition, TFO Hamel overheard sounds, which in his training and experience, were consistent with the working of an action to a semiautomatic firearm.

14. On March 30, 2021, I spoke with United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent ("SA") John McKee. SA McKee informed me that he had queried the Federal Licensing System[3] for any information as to whether an individual named GARCIA was in possession of any Federal Firearms License. SA McKee informed me that the query conducted by him was negative for any results. GARCIA illegally sold a firearm to the unidentified individual and therefore violated 18 U.S.C. Section 922(a)(1), unlicensed dealing in

---

[3] The Federal Licensing System is an online database managed by the ATF that maintains a record of all possessors of Federal Firearms Licensees in the United States.

firearms.

15. Based on my training and experience, and participation in firearms possession and firearm trafficking investigations, I know:

    a. That firearms possessors/traffickers normally keep firearms and/or firearm-like objects in their homes, on their property, or in their vehicles. They keep these implements in the homes, on their property, or in their vehicles in an effort to provide security for their firearms and to keep their activities clandestine as sometimes their possession, brandishing, and use of these items is illegal and they are constantly aware of law enforcement's efforts to discover their activity.

    b. That persons selling and distributing firearms to others often maintain at their home materials used to package and conceal those firearms, and also records of those shipments.

    c. Firearms possessors/traffickers commonly maintain names and contact information in books, ledgers, telephones, computers, electronic tablets such as iPads, other digital devices, and digital storage media, which reflect the names, addresses, telephone numbers, and email addresses of their firearms possessors/trafficking associates.

    d. That firearms possessors/traffickers frequently take or cause to be taken photographs of themselves, their associates, their property, and their firearms and illicit proceeds. These firearms possessors/traffickers usually maintain these photographs in their residences, electronic devices used by them, or in properties owned or rented by them.

    e. That firearms traffickers who have amassed proceeds from their activities will often attempt to legitimize these profits. In doing this, firearms traffickers will often utilize, among other things, banks and their attendant services, securities, cashier's checks, money drafts, wire transfers, real estate, shell corporations, business funds, and vehicles. Records evidencing such services, items, and transactions are maintained where the firearms

traffickers have ready access to them, including their residences, electronic devices used by them, or in properties owned or rented by them. These items can remain at the firearms traffickers' property for a long period of time.

16. Therefore, there is probable cause to believe that 82 Newton Street, third floor, will contain firearms and ammunition or other firearms accessories.

## CONCLUSION

17. WHEREFORE, I submit that there is probable cause to believe that GARCIA has committed, is committing, and will continue to commit the TARGET OFFENSES.

18. Based on above information uncovered in my investigation and my training and experience, I believe there is probable cause to believe that 82 Newton Street, third floor, Holyoke, Massachusetts, as described in Attachment A, contains the evidence and instrumentalities of violations of the SUBJECT OFFENSES listed above, as described in Attachment B, including firearms, ammunition, firearms accessories, financial records, and photographs. Therefore, I have probable cause to believe that GARCIA has violated the statutes referenced above and that his residence contains fruits, evidence, and instrumentalities of these crimes.

/s/ Jared Hamel
_____

Signed electronically with authorization from
FBI Task Force Officer Jared Hamel on March 30, 2021.

Jared Hamel

FBI Task Force Officer

Sworn to before me this    30 th day of March, 2021.

/s/ Katherine A. Robertson
_____

Signed electronically with authorization from Katherine A. Robertson, U.S. Magistrate Judge on March 30, 2021.

Katherine A. Robertson

UNITED STATES MAGISTRATE JUDGE



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: _____
       Deputy Clerk

Date: 03/30/2021

ATTACHMENT A

82 Newton Street, Third Floor, Holyoke, Massachusetts, is the third floor apartment in a three story red brick building.  Photographs of the exterior of the front, side and rear of 82 Newton, Street, Holyoke as well as a map of the area are attached as Attachment A-1 through Attachment A-6.

78-82 Newton St - Google Maps

https://www.google.com/maps/place/78-82+Newton+St,+Holyok...





Satellite view of 82 Newton Street

# 78-82 Newton St

    
Directions   Save   Nearby   Send to your   Share

1 of 2

3/30/2021, 1:24 PM

**ATTACHMENT A-1**

78-82 Newton St - Google Maps

https://www.google.com/maps/place/78-82+Newton+St,+Holyok...





map of 82 Newton St
Block. + surronding
streets.

78-82 Newton St

    
Directions  Save  Nearby  Send to your  Share

1 of 2

3/30/2021, 1:24 PM

**ATTACHMENT A-2**

52 Nick Cosmos Way - Google Maps

https://www.google.com/maps/place/78-82+Newton+St,+Holyok...

## Google Maps    52 Nick Cosmos Way



Image capture: Nov 2020    © 2021 Google

Holyoke, Massachusetts

Google

Street View



View of 82 Newton St. (rear) from Nick Cosmos Way

1 of 1          3/30/2021, 1:23 PM

**ATTACHMENT A-3**

23 Essex St - Google Maps  https://www.google.com/maps/place/78-82+Newton+St,+Holyok...



Image capture: Nov 2020   © 2021 Google

Holyoke, Massachusetts

Google

Street View



View of 82 Newton St. From Essex St.

**ATTACHMENT A-4**

52 Nick Cosmos Way - Google Maps  https://www.google.com/maps/place/78-82+Newton+St,+Holyok...



Image capture: Nov 2020 © 2021 Google

Holyoke, Massachusetts

Google

Street View

Arrow points to 82 Newton St rear porch



85 Newton St - Google Maps

https://www.google.com/maps/place/78-82+Newton+St,+Holyok...



Front door
82 Newton St

1 of 1

3/30/2021, 1:19 PM

**ATTACHMENT A-6**

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I.    All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of offenses involving unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1) (hereinafter, the "SUBJECT OFFENSE"), including:

    A.    Firearms, ammunition, firearms accessories, and records relating to firearm ownership and/or licensure.

    B.    Books, records, receipts, notes, ledgers, and other paper relating to the sale and purchase of firearms.

    C.    Cellular telephones, smartphones, tablets such as iPads, laptops, pagers, personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to firearms trafficking.

    D.    Cash, currency, and records relating to controlled substances income and expenditures of money and wealth, for example: money orders, wire transfers, cashier checks and receipts, bank statements, passbooks, checkbooks, and check registers.

    E.    Safes, safety-deposit boxes, keys for safety-deposit boxes, hidden compartments and other secure locations, which often contain firearms, and/or the proceeds of firearms-trafficking activity, including large amounts of United States currency, financial instruments, precious metals, jewelry, and other items of value, as well as books and records regarding

the acquisition, use, and disposition of such items of value and firearms.

F. Records and tangible objects pertaining to the following people, entities, physical addresses, telephone numbers, bank accounts, and vehicles:

1. Benny GARCIA.

G. Records and tangible objects pertaining to the following topics:

1. Firearms and firearms trafficking,

2. Firearms licensing;

H. Records and tangible objects pertaining to the payment, receipt, transfer, or storage of money or other things of value by Benny GARCIA, or any one of the names listed above, including, without limitation:

1. Bank, credit union, investment, money transfer, and other financial accounts;

2. Credit and debit card accounts;

3. Tax statements and returns;

4. Business or personal expenses;

5. Income, whether from wages or investments;

6. Loans;

I. Records and tangible objects pertaining to the existence, identity, and travel of any co-conspirators, as well as any co-conspirator' acts taken in furtherance of the crimes listed above;

J. Records and tangible objects relating to the ownership, occupancy, or use of the premises to be searched (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation,

receipts and check registers).

## DEFINITIONS

For the purpose of this warrant:

K. Computer equipment means any computer hardware, computer software, mobile phone, storage media, and data.

L. "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

M. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

N. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

O. "Data" means all information stored on storage media of any form in any

     storage format and for any purpose.

  P.  "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

**RETURN OF SEIZED COMPUTER EQUIPMENT**

  If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

  If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.